CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

03/24/2020

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CEDRIC LEVAR ALEXANDER<br>*Defendant.* | CASE NO. 3:01-cr-00035<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

Before the Court is the Government's petition to revoke Defendant Cedric Levar Alexander's term of supervised release. Dkt. 56. A supervised release revocation hearing previously set for March 20, 2020 was cancelled pursuant to W.D. Va. Standing Order 2020-5, issued in response to the Covid-19 pandemic. Dkt. 101. Prior to that hearing date, Defendant asked for a sentence of time-served in a sentencing memorandum submitted to the Court. Dkt. 98. After the hearing's cancellation, Defendant submitted a valid waiver[1] of his right to a hearing regarding the revocation of his supervised release term, Dkt. 106, and the Government—in response to the Court's order to respond—informed the Court that it does not oppose a sentence of time served for Defendant in this matter. Dkt. 103, 105.

Based on the violation report and the Defendant's guilty plea in his underlying state court charges, the Court finds that Defendant has committed a Grade C violation[2] with a Criminal History Category of II, and the term of supervised release is hereby revoked. After considering

---

[1] Defendant's statement to the Court provides that he waives his right to a hearing under Federal Rule of Criminal Procedure 32.1(b) and that admitted to violating the terms of his supervised release as alleged in his violation report. *See United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005) ("A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against her and waives her rights under Rule 32.1 of the Federal Rules of Criminal Procedure.").

[2] Although the petition to revoke Defendant's supervise release term originally stated that he had committed felony offenses—thereby committing a Grade B violation—these were later reduced to misdemeanor charges, thus the Court finds a Grade C violation was committed. Dkt. 56, 98.

Defendant's briefing, record evidence, and submissions to the Court by the parties and by the U.S. Probation Office, the reasons for the specific sentence I will impose are as follows: (1) The nature and circumstances of the violation(s) and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); to afford adequate deterrence to non-compliant behavior, 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C).

I have also taken into account (1) the kinds of sentence and the sentencing range established for this Defendant for this level of violation in the applicable guidelines or policy statements issued by the Sentencing Commission, 18 U.S.C. § 3553(a)(4), (a)(5); (2) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); and the breach of trust demonstrated by the defendant by failing to abide by the conditions of the court-ordered supervision. I have also taken into account the time Defendant has already spent in custody awaiting this hearing, Dkt. 87, and that he has steady employment and housing to return to upon release, Dkt. 98.

Pursuant to the Sentencing Reform Act of 1984, and having considered the factors noted in 18 U.S.C. § 3583(e), and after having consulted the Chapter Seven Policy Statements of the Sentencing Guidelines Manual, it is the judgment of the Court that the defendant, Cedric Levar Alexander, is hereby sentenced to a term of **TIME-SERVED**. No term of supervised release is to follow.

I hereby advise Defendant of the right to appeal the sentence. A notice of appeal must be filed within **fourteen (14) days** of the entry of judgment or within **fourteen (14) days** of a notice of appeal by the government. If requested, the clerk will prepare and file a notice of appeal on behalf of the defendant. I also advise the defendant of the right to a person who is unable to pay the cost of an appeal to apply for leave to appeal without prepayment of such costs.

The Clerk of the Court is directed to send a copy of this memorandum opinion and accompanying judgment to Defendant and all counsel of record.

Entered this  24th   day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE